```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JOHN TATE,                         :    NO. 1:09-CV-00006
                                   :
       Plaintiff,              :
                                   :    **OPINION AND ORDER**
   v.                          :
                                   :
CHIQUITA BRANDS INTERNATIONAL:
INC., et al.,                      :
                                   :
       Defendants.             :
                                   :

This matter is before the Court on Defendants' Motion to Dismiss, Or In The Alternative, Stay Plaintiff's ERISA Claim for Failure to Exhaust Administrative Remedies, to Dismiss Plaintiff's State Law Covenant Claim As Preempted by ERISA, And To Stay The Age Discrimination Claims (docs. 5 & 8)[1], Plaintiff's Response (doc. 10), and Defendants' Reply (doc. 11). For the reasons indicated herein, this Court DENIES Defendants' Motion (doc. 8).

**I. Background**

Plaintiff properly filed this action in the Southern District of Ohio on January 5, 2009 (doc. 1). Defendants now move for an order dismissing without prejudice or, in the alternative, staying Count I of Plaintiff's Complaint, dismissing with prejudice Count II of Plaintiff's Complaint and staying Counts III and IV of

---

[1] The Court notes that due to the Current Court Policy regarding the filing of dissimilar motions, documents 5 and 8 are essentially the same submission. In light of this, the Court will hereinafter cite to the contents of these documents as "document 8."

Plaintiff's Complaint. The following facts are drawn from the Complaint (doc. 1).

Plaintiff John Tate began employment with Chiquita Brands International (hereinafter "Defendant Chiquita") as a tax attorney on May 5, 1986 (Id.). During the course of Plaintiff's employment, he participated in several Deferred Compensation Plans for the years 1990-1997 and 1999 (hereinafter "the Plans") (Id.). Under the Plans, participants chose to defer compensation which would accrue interest at a rate specified from several available options (Id.). The Plans were only offered to officers and other key employees who were authorized by the company President to participate (Id.). Plaintiff asserts that he was one of approximately sixteen participants in the Plans (Id.).

While Plaintiff participated in several Plans over the time he elected to participate, only one Plan governed any given year (Id.). Plaintiff names two Deferred Compensation Plans as Defendants in this action; United Brands Deferred Compensation Plan (which Plaintiff enrolled in 1991-1992) and Chiquita Brands International, Inc. Deferred Compensation Plan (which Plaintiff enrolled in 1993-1997 and 1999) (Id.).

During the years that Plaintiff elected to defer compensation, the Plans were occasionally revised and re-adopted effective the following year (Id.). Plaintiff identifies the amended Plans as distinct (Id.). Throughout these amendments and

revisions, the Plans remained primarily the same, but certain, key changes were made (Id.). A phrase remained in the Plans which prohibited the company from enacting an "amendment, modification or termination of the Plan [that] adversely affect[s] any Participant's accrued rights" (Id.).

However, effective January 1, 2005, a new amended Plan was put in place (Id.). Until this amendment, all of the Plans prescribed that interest would be paid according to the interest rates specified for the respective years that participants' deferrals had been made (Id.). However, the 2005 amendment indicated that the company would pay interest at a new interest rate, modifying the interest rates of previous plans (Id.). This new interest rate was equal to the 10-Year Treasury bond yield, adjusted annually (Id.). Plaintiff alleges that this amendment resulted in interest accruing at significantly lesser rates than the interest rates the Plans previously applied (Id.).

In November 2007, Plaintiff was terminated by Defendant Chiquita, though Plaintiff asserts that he received excellent performance reviews and pay increases throughout his employment with Chiquita (Id.). Defendant Chiquita's proffered reason was that Plaintiff's termination was part of a reduction in force (Id.). Defendant Chiquita further determined that two younger, less experienced employees could do Plaintiff's work and asked Plaintiff to train those employees (Id.). Plaintiff was over 40

years old at the time of his termination (Id.).

On December 18, 2007 Plaintiff's counsel communicated to Defendants that the 2005 amendments were allegedly adversely affecting his rights under the Plan and, therefore, violating their terms (Id.). Plaintiff also requested a copy of any legal opinion which supported such an amendment (Id.). In April 2007, Defendant Chiquita paid Plaintiff what it claimed to be Plaintiff's full award (Id.). On May 5, 2008, Plaintiff, through counsel, responded and argued that Plaintiff did not receive full benefits (Id.). Defendant Chiquita further asserted that it could rightfully make such changes but did not offer any further support or justification as Plaintiff requested (Id.).

Plaintiff's counsel again contacted Defendants on July 9, 2008 and reasserted that Defendants wrongfully denied Plaintiff benefits (Id.). In this correspondence, Plaintiff's counsel further requested information on the appeals process to benefit claims if, in fact, one existed (Id.) Finally, on July 30, 2008, Plaintiff's counsel sent another letter indicating that absent any appeals procedure, that letter should be considered his appeal (Id.). Plaintiff further asserts that on or before July 29, 2008, Defendants amended the Plans to include a clause stating:

> Any Participant or beneficiary (a "Claimant") who believes that he is entitled to a benefit under the Plan that he has not received because the Company has denied the benefits in whole or in part, may file with the Administrator a written claim specifying the

> basis of his complaint and the fact upon which he relies in making such claims. Such claim must be signed by the Claimant or his authorized representative and shall be deemed filed when received by the Administrator (<u>Id</u>.).

In the current action, Plaintiff brings claims against Defendants under the Employee Retirement Income Security Act ("ERISA") and for state law for breach of contract. Plaintiff further brings claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and Ohio Law, O.R.C. 4112 (doc. 1). Defendants now move to dismiss, or in the alternative, stay Plaintiff's claims (doc. 8).

## II. Applicable Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, <u>Block v. Ribar</u>, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true all the Complaint's factual allegations, <u>Broyde v. Gotham Tower, Inc.</u>, 13 F.3d 994, 996 (6th Cir. 1994). A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations. <u>Miller v. Currie</u>, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses). Instead, in its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)(overruled on other grounds). Indeed, "[a] court may dismiss

a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984)(<u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981)). As the Supreme Court recently held in <u>Bell Atlantic Corp. V. Twombly</u>, 127 S.Ct 1955 (2007), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1964-65. <u>See</u> <u>also</u> <u>Ass'n of Cleveland Fire Fighters, et al., v. City of Cleveland, et al.</u> 2007

WL 2768285, *2 (6th Cir. 2007). Additionally, the Court stated that the complaint need not contain detailed factual allegations, but its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

**III. Analysis**

Defendants allege that Plaintiff's claims should be dismissed, or in the alternative, stayed on several grounds (doc. 8). The Court will address each issue in turn.

**A. Plaintiff's ERISA Claim**

The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002 et seq., is a comprehensive federal law governing employee benefits. ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death. 29 U.S.C. § 1002(a). The Sixth Circuit has held that a plaintiff must exhaust all administrative remedies before bringing an ERISA claim. See Miller v. Metropolitan Life Insurance Company, 925 F.2d 979, 986 (6th Cir. 1991). However, "a court is obliged to exercise its discretion to excuse nonexhaustion where resorting to the plan's administrative procedures would simply be futile or the remedy is inadequate." Fallick v. Nationwide Mutual Ins. Co., 162 F.3d 410, 419 (6th Cir.

1994). In order to be subject to the exhaustion requirement, a benefit plan must be properly classified as an ERISA plan. See Thompson v. American Home Assurance Co., 95 F.3d 429, 435 (6th Cir. 1996).

**1. Defendants' Motion**

In their Motion, Defendants argue that Plaintiff's ERISA claim should be dismissed without prejudice or in the alternative, stayed (doc. 8). Defendants' arguments assume that the Plans are ERISA plans (Id.). Defendants specifically argue that the Plans can be characterized as "top hat" plans which are subject to ERISA (Id. citing Hutchison v. Crane Plastics Mfg., 2005 U.S. Dist. LEXIS 43628, *21-22 (S.D. Ohio Oct. 28, 2005)). As such, Defendants argue that Plaintiff has failed to properly plead a claim for relief under ERISA because Plaintiff has failed to exhaust all administrative remedies (doc. 8 citing Miller v. Metropolitan Life Inc. Co., 925 F.2d 979 (6th Cir. 1991)).

Defendants further argue that requiring Plaintiff to exhaust administrative remedies would not be futile (doc. 8). Defendants argue that in order to show futility, a Plaintiff must show a clear and positive indication that any future administrative attempts would be futile (Id. citing Fallick v. Nationwide Mut. Ins., 162 F.3d 410, 419 (6th Cir. 1998)). Defendants claim that Plaintiff has failed to show with certainty that further administrative actions would be futile, and therefore, they have

failed to proffer sufficient evidence futility. Defendants conclude by asserting that Count I should be dismissed, or in the alternative, stayed to allow Plaintiff the opportunity to pursue administrative remedies (Id.).

**2. Plaintiff's Reply**

In Plaintiff's Reply, he argues that whether the Plans are subject to ERISA is disputed (doc. 10). Plaintiff relies upon the Dillingham test adopted by the 6th Circuit which examines the existence of an ERISA plan (Id. citing Thompson v. American Home Assurance Co., 95 F.3d 429, 435 (6th Cir. 1996)). This test looks to whether a reasonable person could ascertain the (1)intended benefits; (2) beneficiaries of the plan; (3) source of financing and; (4) procedures for receiving benefits (Id.). Plaintiff does not dispute that the first three prongs of the Dillingham test have been met, but argues that the facts as alleged by Plaintiff have called into question the fourth prong of this test (Id.). Plaintiff claims that this final prong, which requires that a reasonable person be able to ascertain the procedures for receiving benefits, is lacking since Plaintiff himself was unable to determine the proper procedure for receiving benefits (Id.).

Plaintiff also argues that Defendants cannot show the Plans are "top hat" plans (Id.). Plaintiff asserts that the party contending the plans in question are "top hat" plans have the burden of proving the plans can be characterized as such (Id.

citing <u>Bakri v. Venutre Mfg. Co.</u>, 473 F.3d 677, 678 (6th Cir. 2007)). Plaintiff claims that Defendants have not provided, and cannot provide any evidence that the Plans are "top hat" plans at this stage.

Plaintiff goes on to explain, assuming <u>arguendo</u> that the plans were subject to ERISA, that he has met his burden of exhausting administrative remedies (<u>Id</u>.). Specifically, Plaintiff notes that there was no ascertainable claims procedure before Defendants amended the 1997 Plan sometime on or before July 29, 2008 (<u>Id</u>.). Plaintiff further claims the amended procedure only required a written notification of the claimant's complaint and that by the time the claims procedure was amended, Plaintiff had taken actions which would have satisfied the amended appeals procedure (<u>Id</u>.). Furthermore, Plaintiff argues that he repeatedly requested that Defendants clarify the appeals procedure, and Defendants failed to do so (<u>Id</u>.). Plaintiff concludes that based off his actions, he should be deemed to have exhausted his administrative remedies (<u>Id</u>.).

Plaintiff goes on to argue that requiring him to further exhaust administrative proceedings would be futile (doc. 10). Plaintiff explains that a court is permitted to use discretion to excuse the nonexhaustion of administrative remedies if further proceedings would prove futile (<u>Id</u>., citing <u>Fallick</u>, 162 F.3d at 419). Plaintiff argues that the facts of his case are similar to

-10-

those in Fallick where the court found further administrative proceedings would be futile. (Id. citing 162 F.3d at 419). Specifically, Plaintiff claims that, like in Fallick, the cursory denials to Plaintiff's previous inquiries are indicative of the manner in which future administrative proceedings will unfold (Id.). Plaintiff asserts that any future attempts at administrative remedies will result in no change of the Defendants' position, and therefore, the Court should deny Defendants' motion (Id.).

**3. Defendants' Response**

Defendants reply by contending that the Plans are "top hat" plans as a matter of law and that "top hat" plans are subject to ERISA (doc. 11). Defendants assert that the Plans meet the requirements for "top hat" plans because they are (1) unfunded; (2) maintained for the purpose of funding deferred compensation; and (3) the recipients are a select group of management or highly compensated employees, and therefore, can rightly be characterized as "top hat" plans (Id. citing Hutchinson, 2005 U.S. Dist. LEXIS 43628, *21-22 (S.D. Ohio Oct. 28, 2005)). Defendants point to the terms of the plan, as well as several portions of Plaintiff's Complaint as evidence that these requirements have been satisfied (Id.).

Defendants go on to reassert that Plaintiff has failed to exhaust his administrative remedies and therefore, he has not met

the prerequisites for filing an ERISA claim (doc. 11).  Defendants argue that Plaintiff's counsel sent letters to Defendants, that Defendants answered those letters appropriately, and that it was Plaintiff's counsel who left the correspondence unanswered (Id.) Defendants assert that their communications with Plaintiff identified the appeals procedure, and that Plaintiff did not appropriately follow that procedure (Id.).

Defendants further contend that Plaintiff's assertion of futility is unsupported and insufficient to excuse the obligation to exhaust administrative remedies (Id.).  Defendants distinguish the matter in this case from that in Fallick (Id. Citing 162 F.3d 410).  Defendants explain that the parties in Fallick exchanged letters for two years and the employer eventually asserted it would discuss the matter no further with the plaintiff (Id. citing 162 F.3d at 414-420). Defendants emphasize that Plaintiff engaged in minimal correspondence concerning Plaintiff's complaint and allege that it was ultimately Plaintiff who failed to respond to Defendants' last communication (Id.).  Defendants reassert that further administrative action by the Plaintiff would not be futile, and as a result, the Court should dismiss without prejudice, or in the alternative, stay Plaintiff's ERISA claim (Id.).

**4. Discussion**

Having reviewed this matter, the Court finds Plaintiff's position well-taken.  As Defendants note, the Sixth Circuit has

held that a plaintiff must exhaust all administrative remedies before bringing an ERISA claim. See <u>Miller v. Metropolitan Life Insurance Company</u>, 925 F.2d 979, 986 (6th Cir. 1991). However, in order to be subject to this requirement, a benefit plan must be properly classified as an ERISA plan. See <u>Thompson v. American Home Assurance Co.</u>, 95 F.3d 429, 435 (6th Cir. 1996).

The Sixth Circuit applies the <u>Dillingham</u> test in determining whether a benefit plan qualifies as an ERISA plan. See <u>International Resources, Inc. v. New York Life Ins. Co.</u>, 950 F.2d 294 (6th Cir. 1991) citing <u>Donovan v. Dillingham</u>, 688 F.2d 1367, 1373 (11th Cir.1982). This test looks to whether a reasonable person could ascertain the (1) intended benefits; (2) beneficiaries of the plan; (3) source of financing and; (4) procedures for receiving benefits. <u>Id</u>. Plaintiff concedes that the first three prongs of the test have been met. However, Plaintiff argues that the fourth prong regarding the claims procedure has not been satisfied. Defendants reply by arguing that the fourth prong has been met, and points to places in the Plans which explain the claims procedure. The parties further dispute whether the Plans can be specifically characterized are "top hat" plans, which are a type of ERISA plan.

As stated above "[a] motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, <u>Block v. Ribar</u>, 156 F.3d 673, 677

(6th Cir. 1998), and accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The Sixth Circuit has determined that "the existence of an ERISA plan is a question of fact which is to be answered in light of all the surrounding circumstances from the point of view of a reasonable person." Thompson v. American Home Assur. Co., 95 F.3d 429, 434 (6th Cir. 1996); see also Credit Managers Ass'n of So. Calif. v. Kennesaw Life and Acc. Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987). For this reason, district courts generally consider an ERISA determination on a motion for summary judgment. See Id.; Kolkowski v. Goodrich Corp., 448 F.3d 843, 847 (6th Cir. 2006); Cox v. Transit Group Transp., LLC, 2005 WL 2405982 (S.D. Ohio 2005); Langley v. DaimlerChrysler Corp., 502 F.3d 475 (6th Cir. 2007); but see McGillen v. Amex Assurance Co., 2008 WL 5235919 (E.D.Mich., 2008).

The Court finds that Plaintiff's Complaint contains allegations that bring into dispute whether the Plans can be characterized as ERISA plans, or more specifically "top hat" plans. Construing Plaintiff's Complaint in the light most favorable to Plaintiff, the Court finds the Complaint contains allegations sufficient to call into question whether a reasonable person could ascertain the procedures for receiving benefits. Williams, 170 F.3d at 602. Specifically, the Court notes the allegations concerning Plaintiff's own alleged difficulty in determining the claims

procedures (doc. 1). Therefore, the Court finds that it is not appropriate to make a determination of the nature of the Plans before the facts are developed and properly before the Court for consideration.

In light of this finding, the Court concludes that it would be inappropriate to dismiss without prejudice or stay Plaintiff's ERISA claim at this stage in the proceedings.[2] The propriety of the ERISA claim centers around whether the Plans are in fact ERISA plans. There can be no determination concerning whether Plaintiff adequately exhausted administrative remedies or whether further exhaustion would be futile until it is determined the Plans were subject to ERISA and required Plaintiff to exhaust administrative remedies.

**B. Plaintiff's Breach of Contract Claim**

In their Motion, Defendants argue that a state law breach of contract claim relating to the administration of an ERISA plan is preempted by ERISA (doc. 8). Defendants point to provision in ERISA which indicates that "[t]he provisions of this subchapter ...shall supersede any and all State laws" as they relate to an

---

[2] While Defendants are correct that the Court, in Clevenger v. Dillard's Department Stores, Inc., Case No. C-1-02-558 (December 18, 2002), stayed an ERISA claim pending exhaustion of Plaintiff's administrative remedies on the defendant's motion to dismiss, in that case, no question existed as to the nature of the plan or the plaintiff's failure to exhaust administrative remedies.

employee benefit plan (Id. citing 29 U.S.C. § 1144(a)). Defendants argue that this preemption provision preempts state statutes, and additionally, state common law theories of recovery that relate to ERISA plans (Id.). Therefore, Defendants assert that Plaintiff's breach of contract claim is preempted by ERISA and should be dismissed with prejudice (Id.).

In Plaintiff's Response, he argues that under Fed. R. Civ. P. 8(e) a Plaintiff may plead claims in the alternative (doc. 10). As such, Plaintiff argues, whether the breach of contract claim is preempted by ERISA depends upon whether the Plan is characterized as an ERISA plan (Id.). Plaintiff claims that it is therefore premature to dismiss his breach of contract claim until the Plan is characterized as an ERISA claim, a top hat plan, or otherwise (Id.).

In Defendants' Reply, they reiterate that the Plans are ERISA plans, specifically, top hat plans, and therefore they are preempted by ERISA (doc. 11). Defendants argue that Plaintiff has identified no valid argument against preemption and therefore, the claim should be dismissed with prejudice (Id.).

After reviewing the matter, the Court does not find Defendants' arguments well founded. As Defendants correctly point out, a plaintiff is preempted from bringing a state law claim as it relates to the enforcement of an ERISA claim. See Pilot Life Insurance v. Dedeaux, 481 U.S. 41 (1987). However, as discussed

above, the Plans have not yet been determined to be subject to ERISA. If it is determined that the Plans were not ERISA plans, Plaintiff's breach of contract claim would not be preempted.

Furthermore, under Federal Rule of Civil Procedure 8(d)(3), a claimant is permitted to plead claims in the alternative. Fed. R. Civ. P. 8(d)(3). Inconsistent claims are not disfavored. See Kentucky Home Mut. Life Ins. Co. v. Duling, 190 F.2d 797, 801 (6th Cir. 1951). Therefore, despite any inconsistency between Plaintiff's ERISA claim and breach of contract claim, the Court finds that those claims are properly pled. The Court concludes that it is improper to dismiss Plaintiff's breach of contract claim.

**C. Plaintiff's Age Discrimination Claim**

In their Motion, Defendants assert that Plaintiff's federal and state age discrimination claims should be stayed pending the exhaustion of Plaintiff's administrative remedies (doc. 8). Defendants argue that the claims would more efficiently advance together, therefore, in the interest of judicial economy, the claims should be stayed pending the resolution of the administrative remedies (Id.).

Plaintiff responds by reiterating that there is no reason to dismiss or stay any of Plaintiff's other claims, and therefore, there is no reason to stay Plaintiff's age discrimination claims

(doc. 10). Plaintiff further asserts that he would be prejudiced by a stay (Id.).

In Defendants' Reply, they reiterate that Plaintiff's ERISA claims should be dismissed or stayed, and Plaintiff's age discrimination claim should not proceed independently (doc. 11). Defendants also note that Plaintiff does not explain why a stay would be prejudicial at this point particularly since he had the administrative right to appeal for five months (Id.). Defendants reassert their request that Plaintiff's age discrimination claims be stayed until Plaintiff has exhausted all administrative remedies (Id.).

Again, because the Court has declined to dismiss or stay Plaintiff's other claims, there exists no reason to stay Plaintiff's age discrimination claim.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss, Or In The Alternative, Stay Plaintiff's ERISA Claim for Failure to Exhaust Administrative Remedies, to Dismiss Plaintiff's State Law Covenant Claim As Preempted by ERISA, And To Stay The Age Discrimination Claims (doc. 8).

SO ORDERED.

Dated: August 6, 2009  /s/ S. Arthur Spiegel
                        S. Arthur Spiegel
                        United States Senior District Judge